UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TELEBRANDS CORP., | Civil Action No. 12-6671(FSH) |
| Plaintiff, | |
| v. | **Opinion** |
| NATIONAL EXPRESS, INC., et al., | |
| Defendants. | April 11, 2013 |

**HOCHBERG, District Judge:**

This matter comes before the Court on a motion by Defendants to dismiss Telebrands Corp.'s ("Telebrands") Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), and/or for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). The Court has considered the motion and reviewed the submissions of the parties pursuant to Fed. R. Civ. P. 78.

**I.     BACKGROUND[1]**

Telebrands' Complaint seeks a declaratory judgment of noninfringement and invalidity of Blue Gentian's patents, U.S. Patent Nos. 8,291,941 ("the '941 Patent") and 8,291,942 ("the '942 Patent"). Telebrands is a New Jersey corporation with its headquarters in Fairfield, New Jersey. Blue Gentian, LLC ("Blue Gentian") is a limited liability company organized under Florida law and owned by its managing member,

---
[1] The facts set forth herein are taken from those alleged in Plaintiff's Complaint.

Michael Berardi ("Michael Berardi"), a resident of Florida.  National Express, Inc. ("NEI") is a Connecticut Corporation with its principal place of business in Connecticut.

Telebrands is a direct marketing company that markets and sells a wide variety of consumer products through direct response advertising, catalogue, mail order, internet sales, and retail stores.  Berardi is the sole inventor for the '941 and '942 Patents and is the managing member of Blue Gentian.  Blue Gentian is the assignee of all right and interest in the '941 and '942 Patents.  NEI is a licensee of the patents-in-suit from Blue Gentian.

The '941 Patent is titled "Expandable and Contractible Hose," and the '942 Patent is titled "Expandable Hose Assembly."  NEI markets and sells the XHOSE, an expandable hose product, under license from Blue Gentian and Berardi.  Telebrands is currently marketing and selling POCKET HOSE, an expandable hose product.  Telebrands' POCKET HOSE and Defendants' XHOSE products are in direct competition.

The '941 and '942 Patents issued on October 23, 2012.  Telebrands alleges that NEI, Blue Gentian's exclusive licensee conducting business in New Jersey, made a threat to bring infringement claims against Telebrands when NEI informed the trade of its intent to enforce the '941 and '942 Patents.  As a result, Telebrands filed its Complaint seeking a declaratory judgment at 12:28 a.m. on October 23, 2012, the date of issuance for the '941 and '942 Patents.  Later that same day, Blue Gentian filed an action against Telebrands in the Southern District of Florida alleging infringement of the '941 and '942 Patents.[2]  On the same date, Blue Gentian also filed infringement actions in the Southern

---

[2] That action was transferred here on January 25, 2013.

2

District of Florida against two other unrelated entities, Tristar Products, Inc.[3] and Magixhose.[4]  Defendants now move to dismiss Plaintiff's Complaint.

## II.     DISCUSSION

### a. Subject Matter Jurisdiction

In their motion to dismiss, Defendants argue that Plaintiff cannot establish a substantial controversy existed at the time of filing to support declaratory judgment jurisdiction since there were no affirmative acts by the patentee, Blue Gentian, either to give notice of or threaten enforcement of patent rights.  Additionally, Defendants maintain that any actions by NEI cannot be imputed to the patentee, Blue Gentian.  Defendants allege that NEI had neither actual nor apparent authority to act to enforce the patents and create a substantial controversy.  Defendants argue that Plaintiff's filing of the Complaint at 12:28 a.m. on October 23, 2012 was premature, and that Plaintiff cannot establish substantial controversy based solely on the issuance of the '941 and '942 Patents by the United States Patent and Trademark Office on October 23, 2012.

Plaintiff challenges Defendants' motion, arguing that a substantial controversy existed at the time of filing since the patents had been issued, Telebrands was already selling its allegedly infringing product, and Blue Gentian filed an infringement action later that day.  Plaintiff argues that when Blue Gentian filed an infringement action in Florida, Blue Gentian could not have known about the present Complaint's filing since it wasn't reported on Pacer until the next day, and, therefore, a substantial controversy must have existed at the time of filing the present Complaint.  Additionally, Plaintiff alleges

---

[3] That action was transferred to this Court on March 21, 3013.

[4] Blue Gentian voluntarily dismissed that action on November 5, 2012.

that NEI informed the trade of its intent to enforce the '941 and '942 Patents against Telebrands' POCKET HOSE product. Plaintiff argues that this warning can be imputed to Blue Gentian since it later filed a suit against Telebrands regarding its alleged infringement of these patents in Florida. Since both parties can enforce the patents, Plaintiff argues, they should both expect that a threat from either party could give rise to a substantial controversy to support a declaratory judgment action.

Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, a plaintiff bears the burden of establishing that "the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant relief." *MedImmune Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007). The court distinguished a substantial controversy from "an opinion advising what the law would be upon a hypothetical state of facts." *Id.* at 127 (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1933)). Additionally, the court has significant discretion in exercising declaratory judgment jurisdiction. *Matthews Int'l Corp. v. Biosafe Eng'g., LLC*, 695 F.3d 1322, 1328 (Fed. Cir. 2012). While the existence of a patent or risk of infringement alone is not enough to give rise to declaratory judgment jurisdiction, "where the patentee takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do," jurisdiction may be met. *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380-81 (Fed. Cir. 2007).

In *SanDisk*, the court held:

> where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article

4

> III case or controversy will arise and the party need not risk
> a suit for infringement by engaging in the identified activity
> before seeking a declaration of its legal rights.

*Id.* at 1381.

In addition, declaratory judgment jurisdiction exists where the defendant in the declaratory judgment action had made public statements of its intent to pursue an aggressive litigation strategy and then filed an infringement suit in Texas against the plaintiff the following day. *Micron Tech. v. Mosaid Tech.*, 518 F.3d 897, 901 (Fed. Cir. 2008).

In the present case, the '941 and '942 Patents issued on October 23, 2012. NEI informed Telebrands of its intent to enforce its rights under the patents. Telebrands' POCKET HOSE and Defendants' XHOSE product are both expandable hose products. Defendants filed an infringement action against Telebrands in the Southern District of Florida on October 23, 2012, hours after Plaintiff filed its Complaint in the present case.

Since the parties produce potentially competing products, the patents-in-suit have issued, and Defendants declared their intent to pursue an infringement action, there is a substantial controversy between Plaintiff and Defendants having adverse legal interests of sufficient immediacy and reality to warrant the issuance of relief. Plaintiff has not sought an opinion grounded in a hypothetical. Plaintiff and Defendants offer similar products, and Defendants have made it clear they intend to enforce the '941 and '942 Patents. In fact, Defendants have done so, filing an infringement action hours after the present Complaint was filed. "Thus the parties in this dispute are really just contesting the location and right to choose the forum for their inevitable suit." *Micron Tech.* 518 F.3d at 902 (finding declaratory judgment jurisdiction where defendant filed an infringement

action the next day in a different venue).  Accordingly, there is a substantial controversy between Plaintiff and Defendants.  Therefore, this Court can exercise subject matter jurisdiction, and Defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

### b. Personal Jurisdiction

Plaintiff has challenged Defendants' motion to dismiss for lack of personal jurisdiction by arguing that specific jurisdiction exists since NEI, a licensee, conducts business in New Jersey.  Plaintiff argues that NEI, Blue Gentian's exclusive licensee, did not contest personal jurisdiction when filing its answer in the present action and admitted that it conducts business in New Jersey.  Therefore, Plaintiff argues, the Court can exercise specific jurisdiction over Blue Gentian as a result of its relationship with NEI.  Plaintiff argues that since Blue Gentian and NEI have a license agreement that includes granting both parties the right to litigate infringement claims and grants NEI the right to use Blue Gentian's trademarks, Defendants are subject to personal jurisdiction.

In response, Defendants challenge Plaintiff's argument and assert that specific jurisdiction requires not only activities by the licensee, like those by NEI here, but also a threat or notice by Defendants.  Defendants argue that the Federal Circuit has held specific jurisdiction can be found where there is a threat of infringement enforcement or cease and desist letters and there are acts that the defendant "purposefully directs… at the forum which relate in some material way to the enforcement or defense of the patent." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1336 (Fed. Cir. 2008).  The acts used to establish specific personal jurisdiction for a declaratory judgment action must be related to the enforcement of the patent and cannot just be the patentee's commercial

efforts in that forum. *Id.* Additionally, Defendants argue that Plaintiff has failed to explain how NEI actually "informed the trade that it intends to enforce these patents." Defendants argue that Plaintiff has only established that a licensing agreement existed and has not shown any patent enforcement activities directed into this forum, and therefore, Plaintiff cannot support specific personal jurisdiction.

To establish personal jurisdiction over a nonresident defendant, plaintiff must establish jurisdiction under both the forum state's long-arm statute and the Due Process Clause of the U.S. Constitution. *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1329 (Fed. Cir. 2008); *Pro Sports Inc. v. West*, 639 F. Supp. 2d 475, 480 (D.N.J. 2009) ("The New Jersey long-arm statute establishes New Jersey's jurisdictional reach to be coterminous with that allowed under the U.S. Constitution, subject only to due process of law.")  Personal jurisdiction depends on whether the "defendant has minimum contacts with New Jersey such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Pro Sports*, 639 F. Supp. 2d at 480. Additionally, courts distinguish between general or specific jurisdiction when determining personal jurisdiction.

General jurisdiction requires a defendant to have continuous and systematic contacts with the forum state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408 (1984). "A very high threshold of business activity" is required for general jurisdiction. *Early Learning Res., LLC v. Sebel Furniture Ltd.*, 2011 U.S. Dist. LEXIS 112483, at *9-10 (D.N.J. 2011). Plaintiff is required to meet a "rigorous burden of establishing that the defendant's contacts are continuous and substantial" to establish general jurisdiction. *Id.*

Specific jurisdiction exists over a defendant when: (1) the defendant has purposefully directed its activities at residents of the forum; (2) the claim arises out of or relates to the defendant's activities within the forum; and (3) the assertion of personal jurisdiction is reasonable and fair. *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006).

The court in *Breckenridge* found the licensing agreement could support personal jurisdiction since it clearly contemplated an agreement beyond purely royalty-sharing and the exclusive licensee conducted business in the forum state. *Id.* at 1366 ("The defendant will also be subject to personal jurisdiction in the forum state if the exclusive licensee (or licensee equivalent) with which it has established a relationship is not headquartered in the forum state, but nonetheless conducts business there."). In analyzing the licensing relationship in question, the court stated:

> That this exclusive license agreement not only *contemplated* an ongoing relationship between PamLab and Metabolite beyond royalty payments but has *actually resulted* in such a relationship is obvious from the facts of this case. Metabolite coordinates with PamLab in sending cease and desist letters and in litigating infringement claims in Florida and elsewhere and, as is the case here, licensor and licensee are often represented jointly by counsel. As such, we hold that, through its relationship with PamLab, which sells products in Florida, Metabolite has purposefully availed itself to the privilege of conducting activities within Florida.

*Id.* at 1367.

Defendants have attempted to distinguish *Breckenridge* by arguing that specific jurisdiction requires an affirmative act of patent enforcement in addition to a licensing agreement; however, the reasoning along these lines in *Breckenridge* shows how patent enforcement communication can be paired with other activity to rise to a level of contact

8

to support personal jurisdiction.  Defendants have argued the reverse, however, that a patent enforcement communication is required to support contact with the forum state and give rise to personal jurisdiction. *Breckenridge* distinguishes between licensing agreements that are purely profit-sharing arrangements and licensing agreements that contemplate a relationship beyond mere royalty or licensing payments, which can give rise to personal jurisdiction.

While the details of the licensing agreement between Blue Gentian and NEI may not be exactly the same as those in *Breckenridge*, their relationship is an ongoing one that extends far beyond merely a royalty payment agreement.  NEI conducts business in New Jersey, and offers the XHOSE product within New Jersey with permission from Blue Gentian.  NEI informed Plaintiff of its intent to enforce the '941 and '942 Patents.  Since the parties have an extensive licensing agreement that extends beyond merely profit-sharing, Blue Gentian can be said to have purposefully availed itself of the privilege of conducting activities within New Jersey through its exclusive licensing agreement with NEI under *Breckenridge*.   Therefore, specific personal jurisdiction exists since Defendants have an extensive exclusive-licensing agreement that extends beyond merely a royalty sharing agreement.

Accordingly, the Court may exercise jurisdiction over Defendants.  Therefore, Defendants' motion to dismiss for lack of personal jurisdiction is denied.

### c. Improper Venue

In their motion to dismiss, Defendants argue that since Berardi is a resident of Florida and Blue Gentian is a Florida Limited Liability Company and not subject to jurisdiction in New Jersey, plaintiff cannot establish proper venue under § 1391(b)(1).

Alternatively, Defendants contend that since an affirmative act by the patentee related to the enforcement of its patent rights is required for a substantial controversy in a declaratory judgment action, Plaintiff cannot establish proper venue under § 1391(b)(2). Defendants maintain that NEI's alleged assertion to the trade that it would be enforcing the '941 and '942 Patents, even if imputed to the Defendants, was not directed to a resident of New Jersey. Additionally, Defendants point out that the patents at issue are owned by Blue Gentian, which is located in Florida. Therefore, Defendants argue, there is no affirmative act or property in controversy within New Jersey to establish venue. Finally, Defendants contend that since both Blue Gentian and Berardi are residents of Florida and subject to jurisdiction there, venue is proper in the Southern District of Florida. Defendants maintain that Plaintiff conceded this when it filed a motion to transfer the related action in Florida to this Court, since transfer motions under § 1404(a) require venue to be proper in both the transferor and transferee courts. Therefore, since there is another district in which the present action can be brought, namely the Southern District of Florida, Defendants argue that Plaintiff cannot establish proper venue in the District of New Jersey.

Plaintiff challenges Defendants' motion to dismiss, asserting that venue is proper in this Court since a substantial portion of the events or omissions giving rise to the claim occurred in New Jersey. Plaintiff cites *Pro Sports* as support for proper venue, where the court found venue proper in the District of New Jersey since the product which was the subject of the action was manufactured and sold in New Jersey by a company whose records and principal place of business were in New Jersey. 639 F. Supp. 2d at 484. In the present case, Plaintiff argues that venue is similarly proper since Telebrands' product

10

is the subject of this litigation. Telebrands is a New Jersey corporation, located in Fairfield, New Jersey and its business activities related to the product in question all occur in New Jersey. Therefore, Plaintiff argues, a substantial part of the events or omissions giving rise to the claim occurred in New Jersey and venue is proper.

Declaratory judgment actions for patent validity or infringement fall under the general venue provision in 28 U.S.C. § 1391. *Pro Sports*, 639 F. Supp. 2d at 483. The general venue provision in 28 U.S.C. § 1391(b) finds proper venue in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Additionally, residence for defendants under 28 U.S.C. § 1391(c) is established as follows:

> (1) a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled;
> (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question…

Venue is established under § 1391(b). Since Blue Gentian is subject to the court's personal jurisdiction as an entity with the capacity to sue and be sued, Blue Gentian is

considered to reside in New Jersey for the purposes of venue under § 1391(c)(2). Similarly, NEI is subject to personal jurisdiction in New Jersey, and therefore NEI is considered to reside in New Jersey. As a natural person under § 1391(c)(1), Berardi, however, is considered to reside in Florida, where he is domiciled. Since all Defendants do not reside within the forum state, venue is improper under §1391(b)(1).

While Defendants are correct that venue is improper under §1391(b)(1), if a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated in New Jersey, venue is proper under § 1391(b)(2). In *Pro Sports*, the court found venue proper where plaintiff in a declaratory judgment action was a New Jersey corporation whose principal place of business, sales, manufacturing, and marketing all took place in New Jersey. 639 F. Supp. 2d at 480. Additionally, in *Pro Sports*, the defendant had sent a cease and desist letter and threatened the plaintiff with litigation, prompting the plaintiff to file an action for declaratory judgment. The defendant in *Pro Sports* had also threatened other New Jersey companies with litigation. In the instant action, Plaintiff filed the Complaint because NEI informed the trade of its intent to enforce the '941 and '942 Patents. Additionally, Defendants have brought infringement claims against two other unrelated entities, Tristar Products, Inc. and Magixhose. While the patents in question are owned by Florida companies, Plaintiff manufactures the potentially infringing product and conducts extensive business in New Jersey. Since Telebrands is a New Jersey corporation and its potentially infringing product is manufactured in New Jersey, venue is proper under § 1391(b)(2).

Therefore, venue is proper under § 1391(b)(2), and Defendants' motion to dismiss for improper venue is denied.

### III. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue is denied. An appropriate Order follows.

s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.