NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TELEBRANDS, CORP., | |
| Plaintiff, | Civil Action No. 12-6671(FSH) |
| v. | **OPINION & ORDER** |
| NATIONAL EXPRESS, INC., et al. | Dated: July 17, 2013 |
| Defendants. | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Defendant, Michael Berardi's Renewed Motion to Dismiss Plaintiff's Declaratory Judgment action against himself, individually, for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Previously, Defendants collectively moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue, but on April 11, 2013, this Court denied that motion. This Court has reviewed the submissions of the parties and has decided the motion on the papers pursuant to Fed. R. Civ. P. 78.

**I. BACKGROUND**

Defendant is the Managing Member of Blue Gentian, LLC (Dkt. 75-3, ¶1) and is the sole inventor of the two patents at issue. (Dkt. 75-3, ¶3). On March 16, 2012, Berardi assigned to Blue Gentian, all rights, title and interest in and to the invention which thereafter became the subject of the '941 Patent at issue. (Dkt. 75-3, ¶4). Further, on June 2, 2012, Berardi assigned to Blue Gentian, all rights, title and interest in and to the invention which thereafter became the

1

subject of the '942 Patent at issue. *Id.* The '941 and '942 Patents were issued by the United States Patent & Trademark Office ("USPTO") on October 23, 2012. *Id.* Both assignments were recorded with the USPTO. *Id.* at Exhibit A.

In or around August 2012, Defendant, Blue Gentian, entered into a "License and Distribution Agreement" ("License Agreement") with Defendant, National Express, Inc. ("NEI"), granting patent and trademark rights to NEI and authorizing NEI to manufacture (or have manufactured), use, sell and promote the XHose product. (Dkt. 75-3, ¶5). Pursuant to that agreement, NEI is Blue Gentian's exclusive licensee for the "retail" and "direct-to-consumer" markets, as those markets are specifically defined in the License Agreement. *Id.* Blue Gentian, however, maintains exclusive rights to make, use, sell and promote the XHose to the "commercial," "premium" and "live show" markets, as defined in the License Agreement. *Id.*

Berardi, individually, is not a party to the License Agreement between Blue Gentian and NEI (Dkt. 75-3, ¶6), nor is Berardi a party plaintiff in the actions filed by Blue Gentian against Telebrands Corp. or Tristar Products, Inc., respectively, for the enforcement of the '941 and '942 Patents. (Dkt. 75-3, ¶7). Moreover, despite being a named defendant in this declaratory judgment action, Berardi did not file a counterclaim against Plaintiff for patent infringement. *Id.*

Blue Gentian's mailing address is the same as Berardi's home address. (Dkt. 82-1, ¶4). Plaintiff alleges that it has not been able to discern that Blue Gentian conducts any business other than to hold title to the patents-in-suit to receive licensing revenue for those patents for Berardi. (Dkt. 82-1, ¶5). Further, Plaintiff alleges that it has not been able to identify any other fixed assets held by Blue Gentian. (Dkt. 82-1, ¶6).

## II. DISCUSSION

### 1. Standard of Review

Pursuant to the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. Rule 12(h)(3). Further, there are two distinct types of motions to dismiss pursuant to Rule 12(b)(1): facial challenges and factual challenges. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977). In a facial challenge, "the court must consider the allegations of the complaint as true." *Id.* at 891. In contrast, with a factual challenge, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* In factual challenges, the Plaintiff has the burden of proof that jurisdiction exists. *Id.* In evaluating making that determination, "the trial court may examine facts outside the pleadings." *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997).

The Federal Circuit governs whether a district court may entertain an action for declaratory judgment for non-infringement and/or invalidity. *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1377 (Fed. Cir. 2012). In actions for declaratory judgment, courts should look to "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

### 2. Berardi's Motion to Dismiss for lack of subject matter jurisdiction

Defendant, Michael Berardi, moves to dismiss the complaint against him, individually, for lack of subject matter jurisdiction. Berardi argues that because he assigned all of his rights,

3

title and interest in the disputed patents to Blue Gentian, he is unable to enforce the patents and is therefore not a proper defendant in Plaintiff's declaratory judgment action.

Berardi first argues that this matter should be dismissed with regard to his individual involvement because there cannot be a case or controversy between Plaintiff and Berardi sufficient to establish subject matter jurisdiction. This is because Berardi does not hold sufficient rights to the disputed patents such that he would be able to sue for their infringement (because those rights were assigned to Blue Gentian and later licensed by Blue Gentian to NEI). In support of this point, Berardi cites Plaintiff's Opposition Brief to Defendants' original Motion to Dismiss. In that brief, Plaintiff wrote that if facts supported Defendants' claim that Berardi had assigned his rights to the disputed patents several months prior to the patents being issued, without his being a party to the license agreement, Plaintiff would not dispute Berardi's individual dismissal as a defendant.[1] The parties do not dispute that Berardi has provided these documents.[2]

Dismissing Berardi, individually, from this matter comports with precedential case law holding that individuals or entities lacking ownership stake or rights to a patent also lack standing – and therefore are not proper parties to an action. It has been held that, "[o]nly a patentee may bring an action for patent infringement." *Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1483 (Fed. Cir. 1998). Pursuant to Title 35, a "patentee" is the party to whom the patent issued or any successors in title to the patent." *Id.* at 1483-84; *see also* 35 U.S.C. § 100(d). Further, this Court has held that "when a party divests itself or all of its interest in a patent,…that same party does not retain a sufficient stake in the outcome of an infringement controversy to

---

[1] Berardi Motion to Dismiss, (Dkt.75, pg. 1-2) (citing Pl.'s Opp'n Br. 2 n.1 (Dkt.37)).

[2] Plaintiff does, however, assert that those agreements do not nullify the Court's jurisdiction over Berardi based, *inter alia*, on Blue Gentian's being the mere alter ego of Berardi. (Dkt.82, pg. 3 n.2).

require it to remain as a defendant to the action, and that no case or controversy can be said to exist between the parties." *EMS-American Grilon, Inc. v. DSM Resins U.S., Inc.*, 1989 U.S. Dist. LEXIS 17352, 3-4 (D.N.J. Oct. 5, 1989). Here, it is clear that Berardi has divested his interests in the disputed patents to Blue Gentian, and Blue Gentian later licensed the disputed patents to NEI without Berardi being a named party to that agreement. As such, it follows that Berardi should be dismissed as a defendant in this action because he "lacks a sufficient stake in the outcome of [this] infringement controversy."

In opposition to Berardi's motion to dismiss, Plaintiff argues: (1) that Berardi's present motion is an untimely motion for reconsideration in violation of Local Civ. Rule 7.1(i); and (2) that Berardi is a proper party because he is the alter ego of Blue Gentian.

First, Plaintiff argues that Berardi's current motion to dismiss is untimely and improper because Berardi should have filed a motion for reconsideration as required by the Local Rules of this Court within fourteen days of this Court's April 2013 Opinion and Order. Further, Plaintiff argues that because Berardi is not alleging any new facts that were not ascertainable at the time Defendants filed their previous motion to dismiss, the outcome of this motion should be the same. Finally, Plaintiff argues that this motion is inconsistent with Berardi's filing an Answer to the Complaint on May 2, 2013, without requesting reconsideration of the April 11, 2013 Order (or filing a renewed motion to dismiss in lieu of answering).

The only authority Plaintiff cites to support its argument that Berardi's current Motion to Dismiss is untimely and improper is Local Civ. Rule 7.1(i), which states:

> Unless otherwise provided by statute or rule (Such as Fed R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

[Local Civil Rule 7.1(i).]

However, pursuant to the Federal Rules of Civil Procedure, "If the court determines at <u>any time</u> that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. Rule 12(h)(3) (emphasis added). Further, this Court's April 2013 Opinion did not specifically address Plaintiff's standing to bring an action for declaratory judgment against Berardi or the Court's subject matter jurisdiction over Berardi as an individual. Therefore, Plaintiff's first argument in opposition fails.

Plaintiff's second argument in opposition is that Berardi is, in fact, a proper party to Plaintiff's action for declaratory judgment because Berardi is the alter ego of Blue Gentian.[3] Plaintiff argues that if Berardi were proven to be the alter ego of Blue Gentian, Berardi would also be liable for any judgment levied against Blue Gentian – his limited liability corporation. The Tenth Circuit Court of Appeals has held that "The corporate structure is an artificial construct of the law, a substantial purpose of which is to create an incentive for investment by limiting exposure to personal liability" and that the veil of corporate protection from liability of shareholders is lifted only in "extreme circumstances" and "only reluctantly and cautiously." *N.L.R.B. v. Greater Kansas City Roofing*, 2 F.3d 1047, 1051 (10th Cir. 1993). Moreover, Plaintiff points out in their opposition brief that "alter ego is not a separate cause of action for which relief can be granted; rather…alter ego serves as a theory to impose liability on an individual for the acts of a corporate entity." *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, No. 09-CV-61436, 2010 WL 1531489, at *9 (S.D. Fla. Apr. 16, 2010). Further, the mere ownership

---

[3] This is a seemingly new theory and the reason Plaintiff separately requests to amend their complaint.

of a corporation by a single shareholder is not a sufficient reason to pierce the corporate veil, so long as the corporation's separate identity is lawfully maintained. *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. Dist. Ct. App. 2008) (citing *Lipsig v. Ramlawi*, 760 So.2d 170, 187 (Fla. 3d DCA 2000)).

Plaintiff argues that Berardi is misusing the corporate form of Blue Gentian for the improper purpose of attempting to shield himself from liability upon a court's awarding of attorneys' fees and/or sanctions, based upon a potential finding that Blue Gentian's infringement assertions are baseless.[4] This argument has no bearing on whether or not Plaintiff should be victorious in their motion for declaratory judgment. However, Telebrands wants to ensure that it will be able to collect a judgment against Blue Gentian, through Berardi. To that end, Plaintiff's proposed First Amended Complaint only seeks declaratory relief.[5] Therefore, the only judgments it could potentially collect against Berardi are for court-imposed attorneys' fees/sanctions, or Plaintiff's requested relief for declaratory judgment of non-infringement and invalidity.

The court, in *exceptional cases*, may award reasonable attorney fees to the prevailing party. 35 U.S.C.A. § 285 (emphasis added). However, unless there is misconduct in conduct of the litigation, or in securing the patent, sanctions are typically imposed only if both: (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless. *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005). Further, there is a presumption that the assertion of

---

[4] 35 U.S.C. § 285 states, "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285.

[5] Counts I and II of Plaintiff's proposed Amended Complaint seek Declaratory Judgment of Invalidity of U.S. Patents '941 and '942, while counts III and IV seek Declaratory Judgment of non-infringement of the same two patents.

infringement of a duly granted patent is made in good faith. *Id.* (citing *Springs Willow Fashions, LP v. Novo Indus., L.P.,* 323 F.3d 989, 999 (Fed. Cir. 2003)). The underlying improper conduct and the characterization of the case as exceptional must be established by clear and convincing evidence. *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989). Even for an exceptional case, the decision to award attorney fees and the amount thereof are within the district court's sound discretion and are not required in all circumstances. *Brooks Furniture Mfg., Inc.*, 393 F.3d at 1381.

Here, it is true that Blue Gentian has separately filed an action against Telebrands for patent infringement. As case law suggests, there is a presumption that this assertion is made in good faith, and as such, the mere filing of that action would not require the court to award sanctions or attorneys' fees be paid should it be proven baseless. Further, Plaintiff does not assert a claim for fraud or bad faith, that this is an exceptional case, or any claims for monetary damages. Instead, in its proposed First Amended Complaint, Plaintiff alleges that Berardi is attempting to shield himself from liability for an award of attorneys' fees and sanctions resulting from baseless assertion of the '941 and '942 patents by maintaining Blue Gentian as an alter ego. (Dkt. 83-1, ¶12). However, the mere *possibility* that sanctions or attorneys' fees *could* be awarded, and the assumption that Blue Gentian will be unable to satisfy such a judgment is not a valid reason for this Court to exercise subject matter jurisdiction over Berardi. Despite Plaintiff's burden to show that a substantial controversy exists between itself and Berardi,[6] Plaintiff fails to cite any legal authority showing why such a controversy exists based solely on this potential liability.

---

[6] *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118 (2007).

Further, it is possible that Plaintiff wants to keep Berardi named as a defendant solely to have a declaratory judgment of invalidity and non-infringement entered against Berardi, in case of future litigation. In this case, this is also an improper exercise of this Court's jurisdiction. Berardi, individually, has no rights to the patents in dispute. As of this moment, he cannot sue for their validity or their infringement. As such, even if he is using Blue Gentian as an improper alter ego, or alternatively as a legitimate company to hold patents, there is seemingly no reason – other than the *potential* monetary damages addressed above — that that Berardi should be named as a defendant individually (and Plaintiff provides none). Further, this matter (and the infringement action filed by Blue Gentian against Telebrands) is not an "exceptional" case, and as such, it does not appear to warrant sanctions or attorneys' fees. To that end, Plaintiff has not pleaded nor shown any reason for this Court to grant sanctions or attorneys' fees either. To the extent that Berardi might be attempting to insulate himself from paying any judgments against Blue Gentian, no such monetary judgment against Blue Gentian is at risk here.

Therefore, because Berardi maintains no rights to the disputed patents, and since it is speculative at this juncture in the case as to whether any monetary damage award would go unsatisfied, it is wholly speculative to determine whether Berardi may/may not be the alter ego of Blue Gentian. If any of these speculative events should come to pass in the future, there are ample procedural means to assert an action against Berardi.

Berardi's motion to dismiss the complaint against him, individually, for lack of subject matter jurisdiction is granted due to a lack of case or controversy between Berardi and the Plaintiff.

### 3. Plaintiff's Motion to Amend its Complaint.

In conjunction with its Opposition to Berardi's Motion to Dismiss, Plaintiff moved to amend its Complaint in order to assert facts aimed at exploring and proving its "alter ego" theory – that Blue Gentian is Berardi's alter ego. As discussed above, "alter ego is not a separate cause of action for which relief can be granted; rather…alter ego serves as a theory to impose liability on an individual for the acts of a corporate entity." *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 2010 WL 1531489, at *9. Further, "the mere ownership of a corporation by a few shareholders, or even one shareholder, is an insufficient reason to pierce the corporate veil so long as the corporation's separate identity was lawfully maintained." *Gasparini v. Pordomingo*, 972 at 1055.

Moreover, even if Plaintiff's "alter ego" theory were proven true, Plaintiff is in no danger of having a monetary judgment go unsatisfied because Plaintiff is not seeking monetary damages in its Complaint and an alter ego theory as a method of imposing liability is premature and speculative based solely upon the hope that future events in this case may lead to sanctions or an award of attorney's fees. If any of those events happens, there are legal means of redress available but "alter ego" liability is not a cause of action in a declaratory judgment action for a declaration of non-infringement and invalidity of a patent. Therefore, Plaintiff's Motion to Amend its Complaint is denied.

## III. CONCLUSION & ORDER

For the reasons noted and explained above, this Court finds that Plaintiff has not carried its burden of showing that there is a substantial controversy between itself and Michael Berardi.

Accordingly, **IT IS** on this 17th day of July 2013, hereby

**ORDERED** that Defendant's **Motion** to **Dismiss** for lack of **subject matter jurisdiction** under Fed. R. Civ. P. 12(b)(1) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's **Motion** to **Amend** its **Complaint** is **DENIED**.

**s/ Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.